UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY RICHARDS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-787-PPS-AZ |
| KIRKS, et al., | |
| Defendants. | |

OPINION AND ORDER

Timothy Richards, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee had not been paid. (ECF 6.) The docket reflects that the fee was subsequently paid. (ECF 7.) Therefore, the case will proceed to screening.

In accordance with 28 U.S.C. § 1915A, I must screen the complaint (ECF 2) and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Richards is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Richards is a 55-year-old inmate at Westville Correctional Facility. On or about November 15, 2023, he suffered a stroke and collapsed. Officer Hawkins, Officer

Killingsworth, Sergeant Ayers, Sergeant Guitterrez, Officer Howell, and Nurse Kirks (first names unknown) all saw him after he collapsed. They asked him a number of questions, and although he could see and hear them, he could not respond in any way. They determined that he was "having a bad reaction to drugs" and did not need medical attention. Instead, they placed him in his bed and left him there for approximately six hours.

Around 9 p.m. that evening, Sergeant Guitterrez and Sergeant Killingsworth returned to his cell. He was still unresponsive. He claims Sergeant Guitterez called the medical unit at the urging of several other inmates, but medical staff said they would not come back to his cell. The officers did not take any other step to assist him and instead left the area.

Around 2 a.m., Richards fell out of bed. Other inmates put him back in his bed and also put a plastic bag in his pants so he would not go to the bathroom on himself. The inmates pointed out his condition to Officer Hawkins. About an hour later, medical staff arrived and took him out of the cell in a wheelchair. He later received emergency medical treatment at an outside hospital and it was determined that he had suffered a stroke. He claims the lack of prompt treatment resulted in permanent injuries.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To allege a violation of this right, a prisoner must assert (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious

even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The Seventh Circuit has instructed that deliberate indifference, the second prong, is "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). I must "defer to medical professionals' treatment decisions unless there is evidence that 'no minimally competent professional would have so responded under those circumstances.'" *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted).

Giving Richards the inferences to which he is entitled, he alleges a plausible Eighth Amendment claim. Specifically, he claims he suffered a stroke but was denied any form of medical treatment because the defendants wrongly—and for no legitimate reason—concluded he was using drugs. He claims Nurse Kirks did not make any minimal attempt to assess whether he might have had a stroke, and the officers left him unresponsive in his cell for hours. As a result, he allegedly suffered permanent injury. He will be permitted to proceed further on a claim for damages against the defendants.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Hawkins, Officer Killingsworth, Sergeant Ayers, Sergeant Guitterez, Officer Howell, and Nurse Kirks (first names unknown) in their personal capacity for monetary damages for denying him medical care in violation of the Eighth Amendment after he had a stroke in November 2023;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Hawkins, Officer Killingsworth, Sergeant Ayers, Sergeant Guitterez, Officer Howell (first names unknown) at the Indiana Department of Correction and to send them a copy of this order and the complaint (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Kirks (first name unknown) at Centurion Health and to send him a copy of this order and the complaint (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction and Centurion Health to provide the U.S. Marshals with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(6) ORDERS Officer Hawkins, Officer Killingsworth, Sergeant Ayers, Sergeant Guitterez, Officer Howell, and Nurse Kirks to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this order.

SO ORDERED on January 16, 2025.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT