UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT SOUTH BEND

| | |
|---|---|
| TIMOTHY RICHARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>KIRKS, et al.,<br><br>    Defendants. | CAUSE NO. 3:24-CV-787-PPS-AZ |

OPINION AND ORDER

Timothy Richards, a prisoner without a lawyer, is proceeding in this case against Officer Hawkins, Officer Killingsworth, Sergeant Ayers, Sergeant Guitterez, Officer Howell, and Nurse Kirks "in their personal capacity for monetary damages for denying him medical care in violation of the Eighth Amendment after he had a stroke in November 2023[.]" ECF 9 at 3. The defendants filed a motion for summary judgment, arguing Richards did not exhaust his administrative remedies before filing this lawsuit. ECF 24. Richards filed a response, and the defendants filed a reply. ECF 29, 30, 31. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and

draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015), *overruled on other grounds by Henry v. Hulett*, 939 F.3d 769 (7th Cir. 2020).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.

2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF"), Richards' grievance records, and a copy of the Offender Grievance Process, which show the following facts: The Offender Grievance Process requires an inmate to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 24-2 at 3. Once an inmate submits a formal grievance, the Grievance Specialist "must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." *Id.* at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.* The Grievance Specialist attests the grievance office has no record of ever receiving any grievance from Richards related to his claim that the defendants denied him medical care in November 2023. ECF 24-1 at 4-5.

In his response, Richards argues his administrative remedies were unavailable because he submitted a grievance and followed up by submitting written notifications to the grievance office, but he never received any response from the grievance office to his grievance or his written notifications. Specifically, Richards attests he submitted a

3

grievance while he was in the infirmary on January 8, 2024, complaining the defendants denied him medical care in November 2023. ECF 29 at 2. Richards received no response to this grievance, so he submitted a second grievance on February 8, 2024. *Id.* On March 22, 2024, Richards submitted a "Request for Interview" form to the grievance office notifying the Grievance Specialist he was still waiting for a response to his grievances regarding the denial of medical care in November 2023. *Id.* at 3; ECF 29-1 at 1. On March 27, 2024, Richards submitted a second "Request for Interview" form to the grievance office inquiring about the status of his grievances. ECF 29 at 3; ECF 29-1 at 4. Richards never received any response to these written notifications, so he proceeded to file this lawsuit.[1] ECF 29 at 3. In their reply, the defendants "do not dispute that Plaintiff sent request forms regarding his grievances," but argue there is no record he ever submitted a grievance in the first place. ECF 31 at 3.

Here, Richards has provided evidence he submitted two relevant grievances for which he never received any receipt or response from the grievance office. The Offender Grievance Process provides that if an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice)." ECF 24-2 at 9. Richards followed

---

[1] Richards also provides evidence he submitted "Request for Interview" forms to "Ms. White" and "Ms. Copples", which did receive responses. ECF 29-1 at 2–3. Because these grievances were not sent to the Grievance Specialist, they are not relevant to this analysis. *See* ECF 24-1 at 9 (providing that an inmate who does not receive a receipt or response to a grievance must "notify *the Offender Grievance Specialist* of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days") (emphasis added).

4

this instruction by submitting two written notifications to the Grievance Specialist regarding the lack of response to his grievances. The Offender Grievance Process next provides that, once the inmate submits the written notification, "the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.* The Grievance Specialist did not comply with this requirement, as it is undisputed Richards never received any response to his written notifications. Thus, the defendants concede Richards submitted written notifications to the Grievance Specialist regarding the lack of response to his grievance, and it is undisputed the Grievance Specialist never responded to these written notifications. This left Richards without any further available remedy to exhaust. Because the undisputed facts show the Grievance Specialist made Richards' administrative remedies unavailable by failing to respond to his written notifications, the defendants have not met their burden to show Richards had available remedies he did not exhaust before filing this lawsuit. For these reasons, the defendants' motion for summary judgment (ECF 24) is DENIED.

     SO ORDERED on January 15, 2026.

                                                 /s/ Philip P. Simon
                                                 JUDGE
                                                 UNITED STATES DISTRICT COURT